Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of NICHOLAS ANTONACCI, Respondent, *v.* NEW YORK MULTI COLOR COPYING COMPANY, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

*Workmen's Compensation Law — ankylosed finger joints — when not compensable as loss of use of hand.*

Appeal from an award of the State Industrial Commission, entered in the office of said Commission May 26, 1919.

Award reversed and matter remitted to the Commission, on the opinion of Woodward, J., in *Clayton* v. *Foundation Co.* (193 App. Div. 822), decided herewith. All concur, except Kiley, J., dissenting, with an opinion, in which John M. Kellogg, P. J., concurs.

KILEY, J. (dissenting): The claimant, Nicholas Antonacci, on January 31, 1919, was a boy of fifteen and one-half years. He was at work and had worked for four months for the appellant, employer. He was a helper doing general work around the plant, which was a blue printing establishment. On the day in question he had washed out some prints and was putting them through the drying machine, which consisted of two heated rollers between which the prints were inserted and pressed dry. In this operation the second, third and fourth fingers of his left hand were caught and drawn in between those rollers. The examining physician says the injury consisted of " third degree burns and abrasions." Another physician says that the condition of the fingers after heating was the " result of compound fractures, * * * with permanent changes in the distal surgical joints and permanent loss of flexion of their terminal phalanges." In other words, these joints on the three fingers named were ankylosed, permanently stiffened. Claimant lost no time nor wages, and as he was an infant it seems to have been conceded that he would attain an earning capacity of eighteen dollars per week, his then wages being eleven dollars per week. The award was for twenty-three, fifteen and twelve and one-half weeks, total fifty and one-half weeks, at eleven dollars and fifty-four cents per week. This is little enough for the injury suffered, when it is considered that the conditions are permanent, provided his claim comes under the provisions of the Workmen's Compensation Law followed by the Commission. There is no dispute about the injury or the results, appellants' contention being that the ankylosed joints of these fingers do not equal one-half the loss of the use of the hand as provided in section 15, subdivision 3, of the Workmen's Compensation Law, as amended by chapter 622 of the Laws of 1916 and chapter 705 of the Laws of 1917, in that there was no amputation of any part of the fingers nor any loss of time or wages. The purpose of the law has as its basis the curtailment or reduction of the earning power which means a diminution of the wage scale the employee would be entitled to if he had not suffered the injury. I do not think the fact that the claimant was retained to do such work as he could do without retarding the healing of his hand, and suffered no cut in wages by his employer, should militate against his right to compensation for the permanent injuries he received; the claim of the appellants, that, by reason of the facts last stated, the award should be reversed cannot prevail. The award was made under the 2d paragraph of subdivision 3 of section 15, commencing with " for the loss of a thumb," etc., and also a subsequent paragraph of the same subdivision entitled " partial loss and partial loss of use." On this phase of appellant's contention it is urged that the award, if any, should be under the last paragraph of subdivision 3 of section 15,* first sentence of which reads as follows: " Permanent

* Amd. by Laws of 1917, chap. 705, " Other cases."— [REP.

total disability after permanent partial disability."*    It will be seen that if the provisions of this paragraph were applied to this case claimant could not have an award to compensate him for the depletion of his earning power on account of this accident, for the reason that there is no permanent total disability following the partial disability he has suffered.    The compensation under the paragraph last referred to would be much greater than the present award and it is fair to presume that the suggestion would not have been advanced by appellants if it was not obvious that claimant did not come thereunder.    I find no case since the amendments of 1916 and 1917 similar to this case, the contention here being that because the form and length of the fingers were preserved, and ankylosis of the joints the only resulting effect or defect, there could not be a partial loss of the hand.    Partial loss of use is, however, provided for in this statute, and with the other paragraphs of section 15, subdivision 3, seems to warrant the award.    The award should be sustained.    John M. Kellogg, P. J., concurs.

---

* See Workmen's Compensation Law, § 15, subd. 7, as amd. by Laws of 1916, chap. 622, and Laws of 1917, chap. 705.— [REP.